IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBBIE KIRKSEY,**<br><br>        **Plaintiff,**<br><br>-against-<br><br>**THE GEORGE WASHINGTON UNIVERSITY,**<br><br>        **Defendant.** | **COMPLAINT**<br><br>**Jury Trial Demanded** |

**I. INTRODUCTION**

1. For many years, Defendant The George Washington University ("GWU") classified Plaintiff Debbie Kirksey as an exempt employee and did not pay her overtime wages. Finally, in November 2012, GWU acknowledged that Kirksey was not an exempt employee and was due overtime wages going forward and back overtime wages for the time that GWU had misclassified her.  Instead of paying Kirksey the full back wages it owed her under the law, GWU made nominal back overtime payments to her that were not calculated correctly, did not cover the entire period for which she was owed back wages, and did not include liquidated damages or interest payments. These practices resulted in violations of the Fair Labor Standards Act ("FLSA") and the laws of the District of Columbia ("D.C. Code").

2. Plaintiff Kirksey seeks unpaid wages, liquidated damages, costs, interest, and attorneys' fees as well as declaratory relief under the FLSA, 29 U.S.C. 201 *et seq.*, and the D.C. Minimum Wage Act § 32-1001 *et seq.*

**II. JURISDICTION & VENUE**

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over the Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

4. GWU resides in the District of Columbia and is subject to personal jurisdiction in the District of Columbia.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because GWU resides in this District and a substantial part of the events and omissions giving rise to these claims occurred in this District.

### III. PARTIES

#### A. Named Plaintiff

6. Plaintiff Kirksey was an employee of GWU and worked for it in the District of Columbia.

7. Plaintiff Kirksey was engaged in commerce in her work for GWU.

8. Plaintiff Kirksey's consent to sue under the FLSA and D.C. Code is attached to this Complaint.

#### B. Defendant

9. Defendant The George Washington University ("GWU") is a domestic non-profit corporation incorporated in the District of Columbia that lists its principle place of business as 2121 I Street, NW Washington, DC 20052.

10. GWU is a private, coeducational comprehensive university.

11. GWU grossed more than $500,000 in each of the last five calendar years.

12. GWU is an enterprise engaged in interstate commerce for purposes of the FLSA.

13. All actions and omissions described in this complaint were made by GWU directly or through its supervisory employees and agents.

**FACTS**

14. Plaintiff Kirksey began her employment with GWU in or around March 1988 and is still employed with GWU.

15. During her employment with GWU, Plaintiff Kirksey regularly worked more than 40 hours a week.

16. GWU classified Kirksey as exempt employees under the FLSA and D.C. Code and did not pay her overtime wages for all hours worked over 40 in a week.

17. In November 2012 GWU reclassified Kirksey from exempt status to non-exempt status under the FLSA and D.C. Code and began to pay her overtime wages for hours she worked over 40 in a week.

18. Kirksey's job duties did not change as a result of the reclassification. She continued to perform the same job duties as non-exempt employees as they did as exempt employees.

19. After reclassifying Kirksey, GWU made a payment to her for back overtime wages owed for the period two years prior to the reclassification.

20. GWU improperly used a "half-time" method to calculate the back overtime wage payments when it should have paid her time and one-half for her overtime work.

21. The use of the "half-time" method resulted in Kirksey receiving only one-third or less of the back overtime wages due under the FLSA and D.C. Code.

22. The payments for back wages did not include liquidated damages.

23. The payments for back wages did not include interest.

24. GWU's unlawful conduct, as set forth in this Complaint, has been intentional, willful,

and in bad faith, and has caused significant damages to Kirksey.

25. GWU was aware or should have been aware that the law required it to pay Kirksey overtime wages for all work-hours it suffered or permitted in excess of 40 per workweek.

## FIRST CAUSE OF ACTION
## (FLSA—OVERTIME WAGES)

26. Plaintiff Kirksey re-alleges and incorporates by reference all allegations in all preceding paragraphs.

27. GWU failed to pay overtime wages due to Plaintiff Kirksey as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and its implementing regulations.

28. GWU's failure to pay proper overtime wages was willful within the meaning of the FLSA.

29. GWU's failure to comply with the FLSA overtime protections caused Plaintiff Kirksey to suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION
## (D.C. CODE—OVERTIME WAGES)

30. Plaintiff Kirksey re-allege and incorporate by reference all allegations in all preceding paragraphs.

31. GWU failed to pay overtime wages due to the Plaintiff Kirksey as required by D.C. Code §32-1001 *et seq*.

32. GWU's failure to comply with District of Columbia wage-and-hour protections caused Plaintiff Kirksey to suffer loss of wages and interest thereon.

**WHEREFORE,** Plaintiff requests that this Court enter an Order:

A. Declaring that the GWU violated the FLSA;

B. Declaring that the GWU's violations of the FLSA were willful;

C.  Granting judgment to Plaintiff Kirksey for her claims of unpaid wages as secured by the FLSA, as well as an equal amount in liquidated damages and her costs and reasonable attorneys' fees; and

D.  Granting judgment to Plaintiff Kirksey for her claims of unpaid wages as secured by D.C. Code, as well as liquidated damages, interest, and her costs and reasonable attorneys' fees.

Dated:   November 18, 2013

    Respectfully Submitted,

    */s/ Dan Getman*

    Dan Charles Getman (NY 0043)
    Michael J.D. Sweeney (admitted *pro hac vice*)
    Lesley Tse (admitted *pro hac vice*)
    GETMAN & SWEENEY, PLLC
    9 Paradies Lane
    New Paltz, NY 12561
    phone: (845) 255-9370
    fax: (845) 255-8649
    Email: dgetman@getmansweeney.com

## CONSENT TO SUE UNDER THE FLSA AND D.C. CODE

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the District of Columbia Code, § 32-1012, to secure any unpaid wages, minimum wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with George Washington University and any other associated parties.

I authorize Getman & Sweeney, PLLC, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 11/18/13            _Debbie Kirksey_ (signature)
                                   Debbie Kirksey